UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Arthur Foster, # 270123,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>State Attorney General Henry McMaster; Jon Ozmit, Attorney General, South Carolina Attorney General Office; Brad Cranshaw, Attorney General, South Carolina Attorney General Office; Richland Police Department; Richland County Police Chief; Leon Lott, Sheriff Richland County Sheriff Department; Larry Smith, Solicitor, Richland County Solicitor Office; Columbia Police Department; Charles Austin, Police Chief, Columbia City Police Department; South Carolina Law Enforcement Division, SLED, Connected Unknown Agents; Spartanburg County Police Department; Spartanburg County Police Chief, Spartanburg County Police Department; Chuck Wright, Sheriff, Spartanburg County Sheriff Department; Trey Gowdy, Solicitor, Spartanburg County Solicitor Office; Richard Warden, Attorney at Law; Mike Curley, Bonding Agent,<br><br>　　　　　　　Defendants. | C/A No. 6:10-748-CMC-WMC<br><br>**Report and Recommendation** |

　　　　This is a civil action filed *pro se* by a state prison inmate.[1] Plaintiff is currently incarcerated at Evans Correctional Institution, part of the State of South Carolina's prison system, serving a fifteen-year sentence entered by the Spartanburg County General Sessions Court in October 2000 on a guilty plea to drug-related conspiracy and trafficking charges. That conviction and sentence were reviewed and upheld by this Court in *Foster v. Bazzle*, Civil Action No. 6:05-620-

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

JRA. The Fourth Circuit dismissed Petitioner's appeal therefrom, *Foster v. Bazzle*, 203 Fed. Appx. 437 (4th Cir. 2006), and there is no indication that the conviction and sentence were overruled or invalidated by any state or federal court thereafter.

In the Complaint filed in this case, Plaintiff claims that his fourth, fifth, sixth, eighth, and fourteenth amendment rights were violated, and that he was subjected to circumstances giving rise to state claims of false imprisonment and arrest and malicious prosecution in connection with his arrest, prosecution, and conviction for being part of a state-wide drug-related conspiracy in the Spartanburg County area. He asks this Court to award him compensatory and punitive damages, "jointly and severally" against all Defendants. The extensive claims of police and prosecutorial misconduct and allegations of conspiracy among defense counsel, bonding agents, and law enforcement officials involved in the prosecution of his state criminal case raised by Plaintiff in his Complaint would, if true, invalidate his 2000 conviction and sentence. As a result, this Court is without subject matter jurisdiction to consider the federal and/or state claims raised by Plaintiff at this time.

### *Pro se* Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez,* 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## **Analysis**

Plaintiff's Complaint is subject to summary dismissal based on the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1997). With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges,[2] the Court stated:

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

3

> We hold that, in order to recover damages [or other relief][3] for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87.

By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred.[4]

The limitations period for such a post-trial civil rights action will not begin to run until the cause of action accrues, *i.e.*, until the conviction is set aside; therefore, a potential § 1983 plaintiff does not have to worry about the running of the statute of limitations while he or she is taking appropriate steps to have a conviction overturned. *See Wallace v. Kato*, 549 U.S. 384 (2007); *Benson v. N. J. State Parole Bd.*, 947 F. Supp. 827, 830 (D. N.J. 1996)(following *Heck v.*

---

[3] *See Johnson v. Freeburn*, 29 Fed. Supp.2d 764, 772 (S.D. Mich. 1998)(under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997)(injunctive relief sought).

[4] *But see Wilson v. Johnson*, 535 F.3d 262, 268 (4th Cir. 2008) (Former prisoner's § 1983 claim alleging that his prior imprisonment was wrongful, filed after his sentence expired but before he was able to complete post-conviction relief process, was cognizable; prisoner was not eligible for habeas relief since his sentence had expired and he would be left without any access to federal court to contest allegedly wrongful imprisonment if his § 1983 claim was barred.).

4

*Humphrey* and applying it to probation and parole revocations "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-88 (E.D. Va. 1994). *Heck* does not apply in the context of claims of unconstitutionality in *on-going* criminal cases, *Wallace v. Kato*; however, since this case involves an already completed criminal trial and complaints about how it was conducted, *Wallace* is inapplicable and *Heck* controls.

As stated above, Plaintiff has unsuccessfully pursued an initial § 2254 petition in this Court in which some of the same allegations of unconstitutionality made in the Complaint filed in this case were made. Since Plaintiff has not been successful in having his 2000 Spartanburg County conviction set aside by way of appeal, PCR, habeas corpus, or otherwise, and because Plaintiff's allegations, if true, would necessarily invalidate his conviction, he cannot sue any of the Defendants under this Court's federal question jurisdiction for damages arising from alleged constitutional violations based on their involvement in his arrest, prosecution, and ultimate conviction. As stated previously, Plaintiff also attempts to raise certain causes of action for false imprisonment, false arrest, and malicious prosecution under South Carolina law. Federal courts have discretion to decide pendent state law claims if the federal and state claims arise out of a common nucleus of operative fact. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). Thus, "[i]f the federal claims are dismissed before trial ... the state claim[s] should be dismissed as well." *Webb v. McCullough*, 828 F.2d 1151, 1160 (6th Cir.1987) (quoting *Gibbs*, 383 U.S. at 726)). Because the undersigned concludes that Plaintiff fails to state a viable claim under § 1983, it is recommended that the District Court dismiss the state law claims without prejudice so that Plaintiff may pursue his remedies in the appropriate state forum.

**Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

                                                      s/William M. Catoe
                                                      United States Magistrate Judge

April 14, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).